UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CLARAN C. LUNDGREN,

                          Plaintiff,

    -against-

COVIDIEN LP, MALLINCKRODT, and VALARIE
RUFF, in her capacity as an employee and/or agent of
Covidien LP and/or Mallinckrodt,

                      Defendants.

**VERIFIED COMPLAINT**

Civil Action No.:

3:14-CV-921[GLS/DEP]

**JURY TRIAL DEMANDED**

---

Plaintiff CLARAN C. LUNDGREN, by and through her attorneys, Hinman Straub P.C., states and alleges as follows:

1.    This action arises out of the Defendants Covidien LP and Mallinckrodt's misclassification of Plaintiff as an exempt employee under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.    Plaintiff brings this action for the violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York State Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 7, § 215, and Article 19, §§ 650 *et seq.*

3.    Due to the misclassification of Plaintiff as exempt under the FLSA and NYLL, in certain workweeks Plaintiff was denied her overtime compensation guaranteed under the FLSA and NYLL and certain other wages pursuant to Defendant Covidien and Mallinckrodt's policies in violation of the NYLL.

4.    Accordingly, Defendants Covidien and Mallinckrodt are liable under the FLSA and NYLL for their failure to pay Plaintiff time and one half of their regular wage for hours worked in excess of forty (40) hours in any workweek. Plaintiffs seeks her unpaid overtime

wages, an equal amount of liquidated damages, and/or prejudgment interest, punitive damages, and costs, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b) and NYLL § 663(1).

5.     Plaintiff also brings this action for Defendants Covidien and Mallinckrodt's violations of the NYLL for their failure to pay Plaintiff wages earned in accordance with the terms of her employment.  Plaintiff is entitled to all unpaid wages for all time spent performing compensable work, an equal amount of liquidated damages, and punitive damages for Defendants Covidien and Mallinckrodt's failure to pay her for all hours worked as required by Labor Law §§ 190 *et seq.*

6.     Accordingly, Defendants are liable under the FLSA and NYLL for their failure to pay the Plaintiff: (a) all wages earned in accordance with the terms of her employment; and (b) time and one half of their regular wages for hours worked in excess of forty (40) hours in any workweek from 2008 to the present.  Plaintiff seeks her unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, punitive damages, and costs, including attorney's fees, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1-a) and 663(1).

7.     Plaintiff also brings this action for violations of the FLSA and NYLL as a result of Defendants Mallinckrodt and Ruff's retaliation for Plaintiff engaging in protected activities by complaining to Defendant Mallinckrodt that she was misclassified and demanding her unpaid wages and overtime wages in accordance with the law in violation of 29 U.S.C. § 215(a)(3) and/or NYLL § 215.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court over the FLSA asserted by Plaintiff is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.     The jurisdiction of this Court over the state law claims asserted by Plaintiff is invoked pursuant to the doctrine of supplemental jurisdiction, as provided by 28 U.S.C. § 1367.

10.     Venue in the Northern District of New York pursuant to 28 U.S.C. § 1391 based on: (a) the Plaintiff's residence is within the Northern District of New York; (b) Defendants Covidien and Mallinckrodt maintaining an office located within the Northern District of New York; (c) Defendants regularly conducting business within the Northern District of New York and, thus, are subject to personal jurisdiction within this judicial district; and/or (d) substantially all of the events or omissions giving rise to the claims asserted occurred within the Northern District of New York.

11.     A jury trial is demanded by the Plaintiff in this action.

## PARTIES

12.     Plaintiff is a current employee of Defendant Mallinckrodt and former employee of Defendant Covidien who held duties as an Occupational Health Nurse and Senior Occupational Health Nurse at the Defendants Covidien and Mallinckrodt's Hobart plant located in Delaware County, State of New York.

13.     At all times, Plaintiff was, and is, a resident of the State of New York and a citizen of the United States.

14.     At all relevant times, Plaintiff was employed by Defendants Covidien and Mallinckrodt as an Occupational Health Nurse and Senior Occupational Health Nurse and was, and is, an employee within the meaning of 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2) and 651(5).

15.     At all relevant times, Defendant Covidien LP ("Covidien") is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the

State of New York through the State of New York Department of State with an office in the State of New York, conducting substantial business in the State of New York on behalf of, or in conjunction with, Defendant Mallinckrodt.

16.     At all relevant times, Defendant Mallinckrodt is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of New York through the New York Department of State with an office in the State of New York, conducting substantial business in the State of New York on behalf of, or in conjunction with, Defendant Covidien.

17.     At all relevant times, Defendants Covidien and Mallinckrodt were employers within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190(3) and 651(6).

18.     Upon information and belief, Defendants are in the business of manufacturing pharmaceuticals.

19.     Upon information and belief, Defendants Covidien and Mallinckrodt have operated a pharmaceutical manufacturing plant within the State of New York since approximately 2007.

20.     Upon information and belief, Defendant Valarie Ruff is a resident of the State of New York and is employed by Defendants Covidien and Mallinckrodt as the human resources manager at the Hobart plant, a supervisor of the occupational health clinic at the Hobart plant, and Plaintiff's immediate supervisor.

## FACTUAL ALLEGATIONS

21.     Upon information and belief, Plaintiff began her employment with Tyco International as a licensed practical nurse on or about September 8, 2003, prior to spinning off and thereafter establishing Defendant Covidien.  Upon information and belief, Defendant

- 4 -

Covidien employed Plaintiff until it spun off into Mallinckrodt, which was announced in 2011 and completed around June 2013. Plaintiff has thereafter continued in the employ of Defendant Mallinckrodt at the Hobart facilities located in the State of New York to the present.

**Misclassification of Plaintiff as Exempt under the FLSA and/or NYLL**

22. From 2008 to the present, Plaintiff performed her primary duties first as an Occupational Health Nurse and was subsequently promoted to Senior Occupational Health Nurse at Defendants Covidien and Mallinckrodt's Hobart facilities.

23. At all relevant times, Plaintiff's primary duties as an Occupational Health Nurse and/or a Senior Occupational Health Nurse involved performing pre-placement and annual health exams, which includes, but not limited to, respiratory fit testing, hearing conservation, pulmonary function testing, eye exams, and/or any other necessary testing, urine screen collections, post-accident injury management; answering inquiries on work- and non-work-related health concerns; providing on-call responses for work-related injuries and illnesses; and processing of Family Medical Leave Act and short-term disability requests, which is overseen by Plaintiff's supervisor(s).

24. At all relevant times, and upon information and belief, another employee of Defendants Covidien and Mallinckrodt oversaw the operations and supervision of the occupational health clinic and occupational health nurses at the Hobart plant.

25. At all relevant times, and upon information and belief, Defendants Covidien and Mallinckrodt classified Plaintiff as an exempt employee under the FLSA and NYLL and purported that Plaintiff either fell under the professional employee exemption or the administrative employee exemption.

26.     At all relevant times, Plaintiff, serving as Occupational Health Nurses and Senior Occupational Health Nurses, was only a licensed practical nurse without a specialized advanced academic degree.

27.     At all relevant times, Plaintiff, while serving as an Occupational Health Nurse and Senior Occupational Health Nurse, did not have or perform duties that required her to exercise discretion and/or independent judgment with respect to matters of significance for Defendants Covidien and Mallinckrodt.

28.     At all relevant times, Plaintiff neither had nor exercised supervisory responsibilities or authority over any other employee of Defendants Covidien and Mallinckrodt.

29.     At all relevant times, from the start of Plaintiff's employment with Defendants Covidien and Mallinckrodt to the present, they misclassified Plaintiff as an exempt employee contrary to the requirements of the FLSA and/or NYLL.

30.     Upon information and belief, at all relevant times, Defendants Covidien and Mallinckrodt knew or should have known that they had misclassified Plaintiff as an exempt employee under the FLSA and/or NYLL.

**Defendants Covidien and Mallinckrodt's Failure to Pay Wages**

31.     At all relevant times, Defendants Covidien and Mallinckrodt classified Plaintiff as an exempt employee for purposes of the FLSA and NYLL and paid her a salary for her thirty-six-hour workweek, in addition to occasional bonuses.

32.     At all relevant times, Plaintiff exclusively performed her duties as an Occupational Health Nurse until June 2009 and then as a Senior Occupational Health Nurse at Defendant's plant located in Hobart, New York.

33.     Plaintiff was required to work three (3) shifts of twelve (12) hours per week, constituting a thirty-six (36) hour workweek.

34.     Upon information and belief, due to Plaintiff's volume of work, she worked through the majority of her scheduled lunch breaks from 2008 to on or about February 2014.

35.     From on or about the end of September 2009 to the end of March 2010, due to the Occupational Health Clinic being undermanned, Plaintiff worked additional hours above thirty-six hours per week by working eight (8) hour shifts five (5) days per week constituting forty (40) hours per week.

36.     Upon information and belief, Defendants Covidien and Mallinckrodt had a policy for salaried, non-exempt employees that included holidays and vacation as time worked for purposes of overtime calculations, which provides as follows:

> For purposes of overtime calculations, the work week for most locations is Monday through Sunday. Holidays and vacation days are considered as regular hours worked, for purposes of determining overtime. Any other time off is not considered as hours worked, for purposes of determining overtime. Any hours worked on a holiday are added to the regular hours for purposes of overtime calculations.

A copy of the relevant provisions are contained in excerpts from Defendants Covidien and Mallinckrodt's Salaried Employee Handbook and annexed hereto as **Exhibit "A"**.

37.     Upon Plaintiff's belief and the information currently in her possession, Plaintiff took holidays, recognized by Defendants Covidien and Mallinckrodt, and vacation leave from 2008 to the present during the weeks that she also performed her regular duties, she served on-call time, and/or she was called back-in to perform her duties.

38.     Upon information and belief, Defendants Covidien and Mallinckrodt additionally had a policy governing compensation of salaried, non-exempt employees for performing on-call time, which provided as follows:

> From time to time, employees may be required to be on call to perform work during non-working hours. In such situations, non-exempt employees will be compensated for a minimum of two hours per on-call shift. Thus, you will be paid for a minimum of two hours, even if no work or less than two hours' work is performed. If you are called in to perform more than two hours of work, you will be paid for the time.

A copy of the relevant provision is contained in Exhibit "A".

39.     Upon information and belief, while on-call, Defendants Covidien and Mallinckrodt required Plaintiff to be within one-hour distance from the plant, prohibited her from consuming of alcohol, required her to respond to inquiries and phone calls, and counseled her for failing to timely respond to work during the on-call period.

40.     From 2008 to the present, Plaintiff served, on average, between three (3) to seven (7) on-call periods per week, constituting a minimum of two (2) hours worked per on-call period, in addition to the time that Plaintiff spent working in excess of two (2) hours during her on-call period.

41.     Upon information and belief, Defendants Covidien and Mallinckrodt had a policy governing compensation of non-exempt employees for performing their duties upon being called back to report for unscheduled work, which provided as follows:

> CALL BACK PAY. This policy applies to all hourly and salaried non-exempt employees. In the event an employee is notified that they are to report to work at a time when they would not normally be scheduled to work and are given 24 hours of notice or more to report for such work, they will not receive "Call Back Pay" because this is considered scheduled work/overtime.

- 8 -

In the event that they are asked to report for unscheduled work with less than 24 hours prior notice, they will be paid for a minimum of four (4) hours or for the amount of time worked, whichever is greater.

In the case where an employee is called back in two (2) times during the same four (4) hour period, they will be entitled only to the four (4) hour minimum. Additional call-back outside of the initial four (4) hours will be compensated as a new call-back and the employee will receive an additional four (4) hour minimum.

At times an employee may be called at home to discuss a problem or situation. Hourly and non-exempt employees will be compensated for any time actually spent responding to the question, but will not be entitled to call-back pay.

A copy of Defendants Covidien and Mallinckrodt's call back pay policy is annexed hereto as

**Exhibit "B"**.

42.     Upon information and belief, Defendants Covidien and Mallinckrodt also had a

policy governing compensation of salaried, non-exempt employees for time spent traveling

back to the plant upon being called back for unscheduled work, which provided as follows:

Non-exempt employees will be compensated for any time spent traveling on Company business in the following circumstances: . . . [t]ime spent traveling when called back to the work location after completing the day's work.

A copy of the relevant provision is contained in Exhibit "A".

43.     From 2008 to the present, Plaintiff was called back to the Hobart Plant to

perform Defendants' Business on multiple occasions.  Upon Plaintiff's belief and the

information within her current possession, she was called back to the plant, at a minimum,

approximately twenty-four (24) times during 2009, approximately five (5) times during 2010,

and approximately four (4) times during 2012, each call back amounting to at a minimum of

four (4) hours worked, in addition to any time spent working after being called back to work in

excess of four (4) hours.  Information relating to years 2011 and 2012 are currently not in the

Plaintiff's possession but rather in the exclusive possession of Defendants Covidien and

Mallinckrodt, and Plaintiff cannot access and/or has been prohibited from accessing the records and/or information by Defendants Covidien and Mallinckrodt at some point after the service of the litigation hold letter on or about October 21, 2013.

44.     Upon information and belief, from 2008 to the present, each time in which Defendants Covidien and Mallinckrodt recalled Plaintiff back to the Hobart plant, she spent time traveling from her home to the plant, amounting to time actually worked pursuant to Defendants Covidien and Mallinckrodt's written policy.

45.     Upon Plaintiff's belief and the information currently in her possession, Plaintiff performed uncompensated work outside out the normal working hours and in addition to the periods that she spent on-call totaling approximately four (4) to eight (8) hours per week from 2008 to the present.

46.     Upon Plaintiff's belief and the information currently in her possession, Plaintiff worked in excess of 581 hours of overtime during 2009.

47.     Upon Plaintiff's belief and the information currently in her possession, Plaintiff worked in excess of 395 hours of overtime during 2010.

48.     Upon Plaintiff's belief and the information currently in her possession, Plaintiff worked in excess of 270 hours of overtime during 2012.

49.     Upon information and belief, for years 2011, 2013, and the beginning of 2014, Plaintiff continued and/or continues to work hours in excess of forty (40) hours per week; however, the records are within the exclusive control of Defendants and Plaintiff cannot access and/or has been prohibited from accessing the records and/or information by Defendants Covidien and Mallinckrodt at some point after the service of the litigation hold letter on or about October 21, 2013.

50.     To perform Plaintiff's duties as an Occupational Health Nurse and/or Senior Occupational Health Nurse, Plaintiff consistently worked and performed duties for Defendants Covidien and Mallinckrodt in excess of forty (40) hours but was not compensated for her hours in excess of forty (40) hours per week at time and half of her regular rate of pay.

51.     Upon information and belief, to perform her duties as an Occupational Health Nurse and/or Senior Occupational Health Nurse, Plaintiff performed on-call periods and was called back to work pursuant to Defendants Covidien and Mallinckrodt's policy for salaried, non-exempt employees, which she was not properly compensated for under Defendants Covidien and Mallinckrodt's policies.

**Defendants' Retaliation in Response to Plaintiff's Complaint about Violations of the FLSA and/or NYLL**

52.     On or about October 21, 2013, Plaintiff, through counsel, sent a litigation hold letter to Defendant Mallinckrodt to preserve all evidence relating to Plaintiff due to the anticipated filing of a FLSA and/or NYLL claim and/or action.

53.     From on or about October 21, 2013 to the present, Plaintiff also orally complained to Defendant Mallinckrodt that she was misclassified under the FLSA and/or NYLL and demanded that Defendant Mallinckrodt properly classify her as a non-exempt employee and compensate her for the time in which she performed compensable work and overtime from 2008 to the present.

54.     Defendants Mallinckrodt and Ruff retaliated against Plaintiff for complaining about her misclassification as exempt and the failure to properly compensate for her time spent working.  These retaliatory acts included adverse terms, conditions, and/or privileges of Plaintiff's employment at the Hobart plant.

55.     From on or about December 2013 through the present, Defendant Ruff continuously conducted unwarranted and unfounded counselings concerning Plaintiff's purported performance and threatened Plaintiff's termination from Defendant Mallinckrodt's employ.

56.     Upon information and belief, from on or about December 2013 through the present, Defendant Ruff engaged in a continuing course of conduct that singled Plaintiff out through constant monitoring and critiquing of Plaintiff's action, despite not subjecting the other occupational health nurse in the Occupational Health Clinic to the same level of scrutiny and treatment.

57.     Upon information and belief, from on or about December 2013 through the present, Defendant Ruff excluded Plaintiff from meetings concerning her working conditions, changes to work practices and procedures, changes to her schedule and use of benefit time, and changes to Plaintiff's job duties as a part of conspiracy by Defendant Ruff with other employees of Defendant Mallinckrodt to show that Plaintiff was incompetent and uncooperative in order to ultimately terminate her for cause.

58.     As a result of Plaintiff's absence from these meetings and Defendant Mallinckrodt and Ruff's failure to properly advise her of changes, Defendant Ruff conducted additional unwarranted and unfounded counselings and subjected Plaintiff to additional monitoring and critiquing.

59.     Had Plaintiff been included in the meetings and projects, she could have effectively voiced her opinion and been able to act in accordance with any changes or new protocols affecting her job responsibilities that were put in place, instead of having to share her concerns after the fact, giving the appearance that she is incompetent and/or uncooperative.

60.     From on or about December 2013 through the present, Plaintiff was subjected to disparate treatment for scheduling and the use of her benefit time and subjected to new procedures for scheduling benefit time after the fact, resulting in another employee of Defendant Mallinckrodt obtaining time off for all major holidays to the detriment of Plaintiff's desired benefit time.

61.     Upon information and belief, these adverse actions were taken against Plaintiff because of Plaintiff's complaint of her misclassification and demand to be properly compensated her for time worked.

62.     As a result of the aforementioned acts and omissions of Defendants Mallinckrodt and Ruff, Plaintiff has suffered economic injury in the form of irreparable damage to her reputation, severe emotional distress, mental health problems, and legal expenses to date, all of which caused permanent economic injury.

### AS AND FOR A FIRST CLAIM
### (Violation of the Fair Labor Standards Act – Overtime Compensation)

63.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "62", with the same force and effect as if fully set forth herein.

64.     Defendants Covidien and Mallinckrodt willfully violated the FLSA by misclassifying the Plaintiff as an exempt employee and failing to pay her overtime wages for work performed in excess of forty (40) hours per week between 2008 and the present.

65.     Upon information and belief, Defendants Covidien and Mallinckrodt have been and continue to be, an employer engaged in interstate "commerce" within the meaning of 29 U.S.C. § 203.

66.     At all relevant times, Defendants Covidien and Mallinckrodt have employed, and continue to employ, Plaintiff.

67.     Upon information and belief, Defendants Covidien and Mallinckrodt individually and/or collectively have had gross operative revenue in excess of $500,000.00.

68.     Defendants Covidien and Mallinckrodt violated provisions of the FLSA by misclassifying the Plaintiff as exempt from the provisions of the FLSA and thereby failing and/or refusing to pay her overtime wage compensation for work performed between 2008 and the present as required by law and in accordance with 29 U.S.C. § 207.

69.     As a result of Defendants Covidien and Mallinckrodt's violations of the FLSA, the Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 207.

70.     Defendants Covidien and Mallinckrodt have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's classification and overtime compensation.

71.     As a result of the Defendants Covidien and Mallinckrodt's violations of the FLSA, Plaintiff has been deprived of overtime compensation for work performed between 2008 and the present in amounts to be determined at trial, and is entitled to recover such amounts, liquidated damages, punitive damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CLAIM
**(Violation of Article 19 of the NYLL – Overtime Compensation)**

72.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "71", with the same force and effect as if fully set forth herein.

73.     At all times relevant to this action, Plaintiff was an employee within the meaning of Article 19 of the NYLL.

74.     At all times relevant to this action, Defendants Covidien and Mallinckrodt were each an employer within the meaning of Article 19 of the NYLL and the overtime wage provisions of NYLL Article 19 and its attendant regulations apply to Defendants Covidien and Mallinckrodt.

75.     Defendants Covidien and Mallinckrodt have failed to pay Plaintiff her overtime wages for work performed in excess of forty (40) hours per week between 2008 and the present, which she is entitled to under the NYLL.

76.     By Defendants Covidien and Mallinckrodt's failure and/or refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week between 2008 to the present, they have willfully violated NYLL §§ 650 *et seq.* and the attendant New York State Department of Labor Regulations, including, but not limited to, Part 142 of 12 N.Y.C.R.R.

77.     As a result of Defendants Covidien and Mallinckrodt's violations of NYLL §§ 650 *et seq.* and the attendant regulations, Plaintiff is entitled to recover from Defendants Covidien and Mallinckrodt her unpaid overtime wages for work performed between 2008 and the present, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages pursuant to, among other laws, NYLL § 663.

## AS AND FOR A THIRD CLAIM
### (Violation of Article 6 of NYLL – Failure to Pay for Compensable Work)

78.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "77", with the same force and effect as if fully set forth herein.

79.     At all times relevant to this action, Plaintiff was an employee within the meaning of NYLL Article 6.

80.     At all times relevant to this action, Defendants Covidien and Mallinckrodt were each an employer within the meaning of NYLL, Article 6 and the provisions of NYLL, Article 6 and its attendant regulations applied to them.

81.     Section 191 of the NYLL requires Defendants Covidien and Mallinckrodt to pay an employee for all time spent performing compensable work under their policies, including, but not limited to, pay for on-call periods and call back periods from 2008 to the present.

82.     Defendants Covidien and Mallinckrodt have failed to compensate Plaintiff for all time spent performing compensable work as an Occupational Health Nurse and/or Senior Occupational Health Nurse between 2008 and the present.

83.     Defendants Covidien and Mallinckrodt have violated NYLL § 191 by failing to compensate Plaintiff for all time spent performing compensable work between 2008 and the present.

84.     Defendants Covidien and Mallinckrodt's failure to compensate Plaintiff for all time spent performing compensable work between 2008 and the present, they have willfully violated NYLL Article 6.

85.     As a result of Defendants Covidien and Mallinckrodt's violations of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants Covidien and Mallinckrodt her

unpaid wages for the time spent performing compensable work from 2008 to the present, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages and punitive damages.

**AS AND FOR A FOURTH CLAIM**
**(Violation of the Fair Labor Standards Act - Retaliation)**

86.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "85", with the same force and effect as if fully set forth herein.

87.     Through the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff retaliated against Plaintiff for complaining about her misclassification for purposes of the FLSA, demanding that she be paid for her unpaid overtime wages due to her misclassification for purposes of the FLSA, and demanding that she be paid for unpaid wages for work performed pursuant to certain policies for salaried, non-exempt employees.

88.     Through the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff retaliated against Plaintiff after she put them on notice of her anticipated filing of a claim and/or action to address Defendants Covidien and Mallinckrodt's violations of the FLSA and/or NYLL, including, among other things, altering the terms, conditions, and/or privileges of her employment and by taking tangible employment actions against her by unfounded counselings, exclusion from meetings and projects resulting in additional counseling, critiquing, and scrutiny that others in the Occupational Health Clinic were not subjected to, threatening termination, and denial of requested benefit time to the benefit of other employees.

89.     As a result of the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff unlawfully retaliated against Plaintiff in violation of the FLSA, 28 U.S.C. § 216(b).

90. As a direct and proximate result of Defendants Mallinckrodt and Ruff's conduct, Plaintiff sustained economic injury in the form of irreparable damage to her reputation, severe emotional distress, mental health problems, and legal expenses, which all have caused permanent economic injury.

### AS AND FOR A FIFTH CLAIM
### (Violation of Article 7 of NYLL - Retaliation)

91. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "90", with the same force and effect as if fully set forth herein.

92. As a result of the aforementioned acts and omissions of Defendants Mallinckrodt and Ruff, Defendants Mallinckrodt and Ruff unlawfully retaliated against Plaintiff in violation of the NYLL.

93. Through the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff retaliated against Plaintiff for complaining about her misclassification for purposes of the NYLL and attendant regulations, demanding that she be paid for her unpaid overtime wages due to her misclassification, and demanding that she be paid for unpaid wages for work performed pursuant to certain policies for salaried, non-exempt employees.

94. Through the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff retaliated against Plaintiff after she put them on notice of her anticipated filing of a claim and/or action to address Defendants Covidien and Mallinckrodt's violations of the NYLL, including, among other things, altering the terms, conditions, and/or privileges of her employment and by taking tangible employment actions against her through unfounded counselings, exclusion from meetings and projects resulting in additional counseling,

critiquing, and scrutiny that others in the Occupational Health Clinic were not subjected to, threatening termination, and denial of requested benefit time to the benefit of other employees.

95.     As a result of the aforementioned acts and omissions, Defendants Mallinckrodt and Ruff unlawfully retaliated against Plaintiff in violation of NYLL § 215.

96.     As a direct and proximate result of Defendants Mallinckrodt and Ruff's conduct, Plaintiff sustained economic injury in the form of irreparable damage to her reputation, severe emotional distress, mental health problems, and legal expenses, which all have caused permanent economic injury.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

1.     Declaring that Defendants' actions and practices violated the Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff compensation and overtime wages for work performed and by retaliating against Plaintiff for engaging in protected activity under the FLSA and/or NYLL;

2.     Permanently enjoining Defendants from engaging in actions or practices that deprive Plaintiff of the receipt of compensation and overtime wages for work performed and that retaliate against Plaintiff for engaging in protected activity under the FLSA and/or NYLL;

3.     Awarding Plaintiff damages for the amount of her unpaid wages and unpaid overtime wages for work performed and liquidated damage equal in amount to her unpaid wages and overtime wages, along with any lost wages for the retaliatory actions of Defendants Mallinckrodt and Ruff, and for reimbursement

of any and all past and future medical expenses for injuries (mental or otherwise) caused or exacerbated by Defendants;

4. Directing Defendants to pay Plaintiff compensatory damages for her emotional distress caused by Defendants' unlawful employment practices;

5. Directing Defendants to pay Plaintiff punitive damages sufficient to punish Defendants' unlawful employment practices and deter continuation of Defendants' unlawful employment practices;

6. Awarding Plaintiff pre- and post-judgment interest as provided by the FLSA, 29 U.S.C. § 216(b) and the NYLL Article 6, § 190 *et seq.* and Article 19, § 650 *et seq.*;

7. Awarding plaintiff reasonable attorneys' fees, expert fees, and all other costs and disbursements associated with this action; and

8. Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.


Dated: Albany, New York
      July 23, 2014

                                  Joseph M. Dougherty, Bar Roll No. 515968
                                  Hinman Straub P.C.
                                  Attorneys for Plaintiff
                                  121 State Street
                                  Albany, New York 12207
                                  Telephone: 518-436-0751
                                  Fax: 518-436-4751
                                  Email: jdougherty@hinmanstraub.com

## VERIFICATION

STATE OF NEW YORK        }
                                          } ss.:
COUNTY OF ALBANY       }

   **CLARAN LUNDGREN**, being duly sworn, deposes and says as follows:

   I am the plaintiff in the above-entitled action.  I have read the foregoing Complaint and

know the contents thereof.  The contents are true to my own knowledge except as to matters

therein stated to be alleged upon information and belief, and as to those matters I believe them

to be true.

Claran Lundgren

Sworn to before me this 18th
day of July, 2014.

Notary Public

Brian R. Hodgdon
Notary Public, State of New York
No. 02HO6296655
Qualified in Saratoga County
Commission Expires February 18, 20__

4814-4737-3337, v. 2